Filed 6/30/22  P. v. Hernandez CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B315487 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA117087) |
| v. | |
| SERGIO HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra A. Cole, Judge.  Affirmed as modified.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (AB 1950), effective January 1, 2021, amended Penal Code section 1203.1 to limit the maximum probation term for felony offenses to two years (with exceptions not at issue here).[1] In May 2021, appellant Sergio Hernandez was charged with one felony count of dissuading a witness by force or threat, to which he pled no contest. Pursuant to a plea agreement, he was placed on probation for three years. On appellant's appeal from the order granting probation, the parties agree appellant is entitled under AB 1950 to have the duration of his probation term reduced from three to two years. We concur. We reject the Attorney General's request that we remand for a resentencing hearing. Instead, we affirm the judgment as modified by reducing the term of probation to two years, and direct the trial court to amend the minute order granting probation to reflect the two-year term.

_____

[1] Undesignated statutory references are to the Penal Code.

# BACKGROUND

In May 2021, appellant was charged with, inter alia, one count of dissuading a witness by force or threat (§ 136.1, subd. (c)(1)) (count two). In July 2021, appellant pled no contest to count two, pursuant to a plea deal under which he agreed to be placed on probation for three years.[2] In August 2021, the court dismissed all other counts, suspended imposition of sentence on count two, and placed appellant on three years' probation.[3] Appellant timely appealed.

# DISCUSSION

As amended by AB 1950, section 1203.1 provides that in an order granting probation, the court may suspend the imposition or execution of the sentence, and may direct that the suspension may continue for a period of time "not exceeding two years." (§ 1203.1, subd. (a).) The two-year limitation does not apply to certain offenses not at issue here. (See § 1203.1, subd. (m).) We agree with the parties that because appellant's three-year probation term exceeds

---

[2] The same plea deal resolved a separate case irrelevant to this appeal, in which appellant pled no contest to a charge of possession of a firearm as a felon, and was placed on probation for two years.

[3] The prosecutor erroneously assured the court the three-year probation term provided for in the plea agreement was permissible, without discussion of the two-year limitation imposed by section 1203.1, subdivision (a), as amended by AB 1950.

the maximum two-year term set by section 1203.1, appellant is entitled to have the term's duration reduced to two years.

As the Attorney General observes, our Supreme Court has granted review on the issues whether AB 1950 applies retroactively and, if so, whether the remand procedure of *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) applies. (*People v. Prudholme*, S271057, Supreme Court Mins., Dec. 22, 2021.) Those issues are not presented here, because AB 1950 went into effect before appellant committed his offense of conviction, and because the Attorney General does not request remand under the *Stamps* procedure, which would permit the prosecution to withdraw its assent to the plea agreement and the trial court to withdraw its approval thereof. (See *Stamps*, at 707-708.) Instead, the Attorney General requests that we remand for a resentencing hearing, arguing remand is "preferable" to modification of the judgment on appeal because remand will permit the trial court to "adjust, modify, or strike probation terms prior to termination," and to make "a necessary determination of the status of the probation at the time of termination."

We reject the Attorney General's request that we remand for a resentencing hearing. Termination of probation is not at issue, because appellant's reduced, two-year probation term will not expire until August 2023 at the earliest. Regardless of whether we order the trial court to hold a resentencing hearing, the court will have authority to determine the status of probation at the time of termination, and to modify or strike probation terms before then. (See

4

*People v. Flores* (2022) 77 Cal.App.5th 420, 453 (*Flores*) [applying AB 1950 on appeal to reduce defendant's probation term on misdemeanor to one year, observing reduction on appeal "w[ould] not deprive the trial court of its authority to determine whether defendant successfully completed probation or whether he ha[d] met the requirements for expungement . . . in the event he applie[d] for such relief"], review granted June 22, 2022, S274561.) We conclude remand for a resentencing hearing "would be an idle act wasteful of judicial resources . . . ."[4] (*Ibid.*)

We are not persuaded otherwise by the Attorney General's cited cases. In most, the parties agreed to remand, and the appellate courts accepted their agreement without discussing the alternative of applying AB 1950 on appeal. (See *People v. Butler* (2022) 75 Cal.App.5th 216, 221; *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1095; *People v. Lord* (2021) 64 Cal.App.5th 241, 246; *People v. Sims* (2021) 59 Cal.App.5th 943, 947.) In the final case cited by the Attorney General, the appellate court remanded under the *Stamps* procedure, in order to allow the prosecution and the trial court an opportunity to withdraw from the plea agreement. (*People v. Scarano* (2022) 74 Cal.App.5th 993, 1000, 1003.) Here, as noted, the Attorney General does not argue we should remand under the *Stamps* procedure. In

---

[4] In granting review in *Flores*, our Supreme Court deferred further action pending consideration of *People v. Prudholme*, *supra*, S271057. (*People v. Flores* (June 22, 2022, No. S274561) 2022 Cal. LEXIS 3527.)

5

any event, the *Stamps* procedure was rejected in the context of AB 1950 -- for reasons we find persuasive -- in *Flores*, *supra*, 77 Cal.App.5th at 446-449, rev.gr. and *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1074-1079, review granted Jun 30, 2021, and cause transferred April 20, 2022, S268787.[5]  In sum, we conclude remand is unwarranted under the circumstances of this case.

---

[5]     In its order transferring *Stewart* for reconsideration in light of new legislation concerning certain sentence enhancements, our Supreme Court noted *Stewart* may be cited for potentially persuasive value.  (*People v. Stewart*, S268787, Supreme Court Mins., Apr. 20, 2022.)

## DISPOSITION

We modify the order granting probation by reducing the term of probation to two years, and direct the trial court to amend the minute order to reflect the two-year term. In all other respects, we affirm the judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.

7